# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## MAY 1999 SESSION

FILED

August 13, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **WILLIE E. PAYNE,** | * | C.C.A. # 03C01-9809-CR-00336 |
| Appellant, | * | HAMILTON COUNTY |
| VS. | * | Honorable Douglas A. Meyer, Judge |
| **STATE OF TENNESSEE,** | * | (Post-Conviction) |
| Appellee. | * | |

FOR THE APPELLANT:

ARDENA J. GARTH
District Public Defender

DONNA ROBINSON MILLER
Assistant District Public Defender
Suite 300, 701 Cherry Street
Chattanooga, TN 37402

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MARVIN S. BLAIR, JR.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM H. COX III
District Attorney General
Suite 300, 600 Market Street
Chattanooga, TN 37402

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The petitioner, Willie E. Payne, appeals the trial court's dismissal of his post-conviction relief petition. The petitioner was convicted by a jury of having raped a female under twelve years of age. The trial court sentenced him to death, and the Court of Appeal affirmed his sentence in 1978. Later, Governor Ray Blanton commuted his sentence to life imprisonment. On April 14, 1997, the petitioner filed a "Petition for Writ of Habeas Corpus," which was properly treated by the trial court as a motion for post-conviction relief. The petitioner claims that the indictment in his case was constitutionally defective because it did not allege a specific mens rea; i.e., it did not use the language "intentionally, knowingly, or recklessly." After review of the record, we affirm the judgment of the trial court.

Throughout the procedural history of his petition, the petitioner relied exclusively upon a holding of a panel of this Court in State v. Roger Dale Hill, No. 01C01-9508-CC-00267 (Tenn. Crim. App. filed June 25, 1996, at Nashville), rev'd, 954 S.W.2d 725 (Tenn. 1997). The Tennessee Supreme Court reversed this Court's Hill decision in State v. Hill, 954 S.W.2d 725 (Tenn. 1997). Nevertheless on appeal, the petitioner asserts that the indictment lacked proper notice of the offense alleged.

The petitioner's reliance on Hill is inappropriate. That decision involved indictments after the Sentencing Reform Act of 1989. Our Supreme Court held that the Hill rationale also applies to pre-1989 indictments in Dykes v. Compton, 978 S.W.2d 528 (Tenn. 1998). Our Supreme Court addressed Hill's application to offenses occurring from 1983 to 1988 in Crittenden v. State, 978 S.W.2d 929 (Tenn. 1998).

Concerning a 1975 indictment, we would follow our Supreme Court's language in Campbell v. State, 491 S.W.2d 359 (Tenn. 1973), regarding

sufficiency of an indictment. The language of <u>Campbell</u> is directly on point when the Court stated, "It is clear, however, that had the indictment used the words 'feloniously' or 'unlawfully,' it would have been sufficient." Id. at 361. The alleged indictment is this case used both "feloniously" and "unlawfully."

However, the petitioner's omission of the pertinent indictment in the record submitted to this Court is dispositive. Since a copy of the indictment is not included in the record, there is no evidence of its language other than the allegations contained in the petition. It is the responsibility of the petitioner to provide a copy of the indictment that he attacks. <u>See</u> Tenn. R. App. P. 24. By omitting the essential document, the petitioner has waived his sole articulated ground for appeal.

The judgment of the trial court is AFFIRMED.


_____
JOHN EVERETT WILLIAMS, Judge


CONCUR:




_____
JAMES CURWOOD WITT, JR., Judge




_____
ALAN E. GLENN, Judge