IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 9, 2012

## MELVIN J. REED, JR., v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2007-B-1696      Steve Dozier, Judge**

**No. M2011-02022-CCA-R3-PC - Filed May 31, 2012**

The petitioner, Melvin J. Reed, Jr., appeals the summary dismissal of his petition for post-conviction relief as untimely.  In this appeal, he asserts that the post-conviction court erred by summarily dismissing his petition because principles of due process require the tolling of the statute of limitations in his case.  Because we agree that the petitioner alleged grounds for due process tolling of the post-conviction statute of limitations, we reverse the dismissal of his petition and remand the case for a hearing to determine whether due process requires tolling of the statute of limitations.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS. JJ., joined.

Melvin J. Reed, Jr., Pikeville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Rachel Sobrero, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On July 17, 2008, the petitioner entered a plea of guilty to possession of a Schedule I controlled substance in exchange for a sentence of 20 years' incarceration and reserved, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), three certified questions for appeal regarding the trial court's denial of his motion to suppress evidence obtained during a traffic stop of the petitioner.  On direct appeal, this court affirmed the trial court's order denying the petitioner's motion to suppress.  *See State v. Melvin Jerome Reed*,

No. M2008-01850-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Nashville, Sept. 17, 2009). Following this court's affirming his conviction, the petitioner filed an application for permission to appeal to our supreme court on November 17, 2009, and his application was dismissed as untimely.

The petitioner filed a petition for post-conviction relief on July 25, 2011, and acknowledged that the petition was untimely. The petitioner claimed, however, that principles of due process required the tolling of the statute of limitations in his case because his retained counsel had misled him regarding the status of his case. In support of his claim of due process tolling, the petitioner attached correspondence to the Clerk of the Appellate Court inquiring about the status of his case in May 2011; the supreme court's order dismissing his untimely application for permission to appeal that the petitioner received from the clerk in answer to his inquiry; a copy of the cover of a petition for writ of certiorari to the United States Supreme Court prepared by retained counsel and given to the petitioner along with counsel's assurances that he had filed said petition in the United States Supreme Court; correspondence from retained counsel that accompanied the petition for writ of certiorari given to the petitioner; correspondence from the petitioner to the Clerk of the United States Supreme Court inquiring about the status of his case on March 30, 2011; correspondence from the Clerk of the United States Supreme Court on March 31, 2011, advising the petitioner that no petition for writ of certiorari had been filed in that court; correspondence from retained counsel to the petitioner on May 18, 2011, indicating that counsel would visit the petitioner in prison and bring the petitioner's file with him; correspondence from the Tennessee Board of Professional Responsibility's Consumer Assistance Director ordering retained counsel to respond to a preliminary inquiry regarding the handling of the petitioner's case; and an opinion from the United States Court of Appeals for the Ninth Circuit discussing attorney misrepresentation as grounds for equitable tolling of the one-year statute of limitations for filing a federal petition for writ of habeas corpus. Despite the petitioner's claim of due process tolling, the post-conviction court summarily dismissed the petition and stated that "the petitioner has not presented a proper basis to require tolling the one year statute of limitations as provided in Tenn. Code Ann. § 40-30-102."

Tennessee Code Annotated section 40-30-102 provides that a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a) (2006). The supreme court dismissed the petitioner's application for permission to appeal as untimely on December 9, 2009, thus the instant petition, filed in 2011, was, as the petitioner concedes, clearly untimely.

That being said, there are exceptions to the statute of limitations. Code section

-2-

40-30-102 provides that a petition may be filed outside the one-year limitations period if:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

*Id.* § 40-30-102(b). In addition to the statutory exceptions to the statute of limitations, due process principles may, in limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). When a petitioner seeks tolling of the limitations period on the basis of due process, however, he is obliged "to include allegations of fact in the petition establishing . . . tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations . . . will result in dismissal." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001).

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), our supreme court addressed a claim of due process tolling on grounds that trial counsel's actions deprived Williams of a meaningful opportunity to seek post-conviction relief. Williams' counsel, following this court's opinion affirming Williams' conviction and sentence, failed to properly withdraw from the case, file an application for permission to appeal to our supreme court, or inform the petitioner of this court's decision and the deadline for filing an application for permission to appeal or a petition for post-conviction relief. In *Williams*, the court ordered an evidentiary hearing to determine

(1) whether due process tolled the statute of limitations so as to give [Williams] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether [Williams'] filing of the post-conviction petition . . . was within the reasonable opportunity afforded by the due process tolling. To summarily terminate his claim without further inquiry would be an "abridgement of both direct and post-conviction avenues of appeal--without ever reaching the merits of [Williams'] case--[and] would be patently unfair."

*Id.* at 471 (quoting *Crittenden v. State*, 978 S.W.2d 929, 932 (Tenn. 1998)).

In this case, the petitioner alleged in his petition that principles of due process required tolling the statute of limitations because his delay in filing the petition was attributable to misrepresentations made by his retained trial counsel regarding the status of his case. The petitioner provided documentation to support his claims of attorney misrepresentation. Indeed, the documentation provided by the petitioner establishes that the petitioner believed his case was pending in either the Tennessee Supreme Court or the United States Supreme Court. Most importantly, in our opinion, the petitioner's documentation establishes that the petitioner was represented by retained counsel throughout the one year preceding the expiration of the post-conviction statute of limitations. Unfortunately, the post-conviction court's order contains no findings specific to the petitioner's claim that principles of due process required tolling of the statute of limitations in his case. Under these circumstances, it is our view that a remand to the post-conviction court is appropriate.

Accordingly, the judgment of the post-conviction court is reversed, the order dismissing the petition as untimely is vacated, and the case is remanded to that court for the appointment of counsel and an evidentiary hearing to determine (1) whether due process principles "tolled the statute of limitations so as to give the [petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner"; and if so, (2) "whether the [petitioner's] filing of the post-conviction petition [in July 2011] was within the reasonable opportunity afforded by the due process tolling." *See Williams*, 44 S.W.3d at 471.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-