IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2013

## STATE OF TENNESSEE v. HOLLACE DONTE RICHARDS

**Appeal from the Circuit Court for Rutherford County**
**No. F-67243, F-67244, F-67977A, F-68118     David M. Bragg, Judge**

---

**No. M2013-00982-CCA-R3-CD - Filed December 17, 2013**

---

The Defendant-Appellant, Hollace Donte Richards, appeals from the Rutherford County Circuit Court's order revoking his probation. He previously entered guilty pleas to one count of theft of property valued over $500 but less than $1,000 and one count of sale of marijuana, a Schedule VI controlled substance. Subsequently, Richards entered guilty pleas to one count of aggravated burglary and one count of failure to appear. He was ordered to serve his four sentences consecutively for a total effective sentence of ten years in the Department of Correction. The trial court ordered Richards to serve his two-year sentence for theft in confinement and suspended the other three sentences to be served on supervised probation. On appeal, Richards argues that the trial court abused its discretion by revoking his probation and ordering him to serve his entire sentence in confinement. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, joined.

Gerald L. Melton, District Public Defender; Jeffrey S. Burton, Assistant Public Defender, Murfreesboro, Tennessee, for the Defendant-Appellant, Hollace Donte Richards.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; William Whitesell, District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On February 24, 2012, the Defendant-Appellant, Hollace Donte Richards, entered guilty pleas to one count of theft of property valued over $500 in case number F-67243 and

one count of the sale of one-half ounce or more of marijuana in case number F-67244. The trial court sentenced him as a Range I, standard offender to consecutive two-year sentences for these Class E felonies. For the theft conviction, Richards was ordered to serve two-years in the Department of Correction with a release eligibility of thirty percent. His two-year sentence for the sale of marijuana was suspended to be served on supervised probation. The probationary conditions in case number F-67244 included that Richards would obtain and maintain lawful employment, refrain from using or associating with anyone using illegally obtained controlled substances, submit to random drug screens, and pay court costs, fines, and any restitution.

Subsequently, on September 28, 2012, Richards entered guilty pleas in case number F-67977A to one count of aggravated burglary, a Class C felony, and in case number F-68118 to one count of failure to appear, a Class E felony. As a Range I, standard offender, Richards received a five-year sentence for the aggravated burglary conviction and a one-year sentence for failure to appear. These sentences were suspended to supervised probation and were ordered to be served consecutively to one another and to the previous sentences in case numbers F-67243 and F-67244, for a total effective sentence of ten years.

On November 13, 2012, a violation of probation warrant was filed alleging that Richards failed to verify any attempts to secure employment, failed to provide a verifiable address, and failed to make court-ordered payments and probation fees. On November 16, 2012, an amended warrant was filed alleging that Richards tested positive for marijuana after a drug screen on November 7, 2012.

At the February 28, 2013 revocation hearing, Cimberly Bolton of the Tennessee Department of Correction testified that she was Richards's probation supervisor. She said she began her supervision after Richards was released from custody on October 2, 2012. According to Bolton, Richards had done nothing to verify any attempts to find employment, despite her requests. Richards had previously provided his mother's residence as his home address and Bolton conducted multiple home visits in an attempt to verify the address. Bolton said she visited this location on more than twenty occasions at various times during the day, and Richards was never there. At one point, she called Richards and he reported his home address as his uncle's residence at a different location. When Bolton and another officer conducted a home visit to the address, they found a vacant lot. A photograph of the lot was entered into evidence without objection. Bolton said she was instructed to make face-to-face contact with everyone in her caseload at their home address or she would have to request a warrant. She stated that on November 13, 2012, she requested the probation violation warrant that was issued against Richards.

Bolton testified that she also requested an amended warrant because Richards tested positive for marijuana during a random drug screen conducted on November 7, 2012. The results of the drug screen were entered into evidence without objection. During this scheduled appointment, Richards also filled out a required questionnaire stating that he was a passenger when his friend was pulled over by the La Vergne Police Department for driving a stolen vehicle. He reported that his friend was taken into custody while Richards was released without charge.

On cross-examination, Bolton agreed that Richards's mother lived at 303 Shady Lake Drive and that the victim in Richards's aggravated burglary charge lived next door at 305 Shady Lake Drive. After visiting the home address of Richards's uncle and discovering a vacant lot, Bolton did not contact Richards to further discuss the possible location of the home. She said she returned to her office and began writing the violation of probation warrant. Bolton testified that Richards was "great at reporting" and that he was candid in reporting his contact with law enforcement.

Hollace Donte Richards testified that he was eighteen years old when he entered guilty pleas in two of his cases on February 24, 2012. Richards agreed that he was ordered to report on May 18, 2012 to begin serving the two-year sentence for his theft conviction. Richards said he was not immediately taken into custody at the conclusion of the May 4, 2012 sentencing hearing because he was given time to complete high school. However, he did not graduate because he did not pass his math test. Richards said he did not turn himself in on May 18 as required but that he appeared on May 21 for his arraignment in the aggravated burglary charge and was taken into custody at that time. He agreed that he was charged with failure to appear because he did not report on May 18, 2012. Richards said that on September 28, 2012, against the advice of counsel, he entered guilty pleas to aggravated burglary and failure to appear. Shortly thereafter, on October 2, 2012, he was released from custody on determinate release.

Richards testified that he reported his home address and visited his probation officer as required. He also reported his contact with police officers. He said his mother had lived at her address for at least seven years. Although he stayed at his mother's house, he was not there all the time. He said he did not want to stay at her address because the victim in the aggravated burglary charge lived next door. Richards testified that he subsequently stayed with his uncle in Clayton Estates. He stated that when his probation officer called, he reported his uncle's address based on what his mother had told him. At the time, he reported what he believed to be the correct address of his uncle's home. He could not presently recall his uncle's exact address but could provide directions for getting there. Richards admitted to smoking marijuana while on probation and that he had tested positive for marijuana. If

released on probation, he planned to live at Second Chance Ministries, a halfway house.

On cross-examination, Richards stated that the program at Second Chance Ministries would be more beneficial than probation because he would not be in his neighborhood or around the same friends. He said that there was a vacant lot across from his uncle's trailer home. He testified that he did not turn himself in on May 18 because he was trying to get into summer school and to call his counsel. On redirect examination, Richards agreed that he had been on probation for about one and a half months.

At the conclusion of the revocation hearing, the trial court found that Richards, based on his own testimony, had violated his probation by smoking marijuana. The court revoked Richards's probation and ordered him to serve his original ten-year sentence in the Department of Correction, with credit for jail time previously served.

Richards filed a handwritten, pro se notice of appeal on April 9, 2013.

## ANALYSIS

On appeal, Richards argues that the trial court abused its discretion by revoking his probation and ordering him to serve his ten-year sentence in confinement. While conceding that smoking marijuana was a "poor choice[,]" he asserts that "[t]he State's interest would be better served if [he] was placed back on probation rather than ordered to serve his entire ten year sentence." The State responds that this appeal should be dismissed as untimely. In the alternative, the State argues that the trial court properly revoked probation based on Richards's admitted use of marijuana. We conclude that the trial court did not abuse its discretion in revoking probation and imposing the original custodial sentence.

As an initial matter, we note that the trial court entered its Violation of Probation Order on February 28, 2013, and that Richards filed his pro se notice of appeal ten days late, on April 9, 2013. As the State notes, Richards has failed to provide an explanation for his untimely filing. Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." However, this rule also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). We conclude that the "interest of justice" is best served by granting a waiver in this case. See Tenn. R. App. P. 4(a); see also Crittenden v. State, 978 S.W.2d 929, 932 (Tenn. 1998). We now address the merits of Richards's appeal.

-4-

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." T.C.A. § 40-35-311(e) (2010). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). In order to establish an abuse of discretion, the defendant must show "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Harkins, 811 S.W.2d at 82 (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Once the trial judge has made the finding that a violation of probation has occurred, he or she has the discretion to order the defendant to (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); see T.C.A. §§ 40-35-308, -310, -311.

Richards has failed to demonstrate that the trial court abused its discretion in revoking his probation. At the outset, there is no dispute that Richards used marijuana while on probation. One of the conditions of his probationary sentence was that he would refrain from using illegally obtained controlled substances. At the revocation hearing, Richards conceded that he had smoked marijuana while on probation and that he had tested positive for marijuana. The trial court found that, based on his testimony, Richards had violated his probation by smoking marijuana. In revoking probation and ordering the original sentence into execution, the trial court noted that "on [Richards's] last appearance before the Court, against his attorney's advice, he asked the Court to accept his plea agreement, whereby he agreed to . . . serve his sentence if he violated his probation." Here, the record contains substantial evidence to support the conclusion of the trial court that a violation of a probation had occurred. Once the trial court determined that Richards violated the terms of his probation, it was authorized "to cause execution of the defendant's original judgment as it was originally entered." Hunter, 1 S.W.3d at 647 (citing T.C.A. § 40-35-310). We cannot conclude that the trial court abused its discretion by revoking Richards's probation and ordering him to serve his original sentence in confinement. Accordingly, he is not entitled to relief.

## CONCLUSION

Upon our review, we affirm the judgment of the Rutherford County Circuit Court.


_____
CAMILLE R. McMULLEN, JUDGE