# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 18, 2014

## JERRY ROMMELL GRAY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 10-2275     Steven Wayne Sword, Judge**

---

### No. E2014-00849-CCA-R3-PC - Filed December 5, 2014

---

Petitioner, Jerry Rommell Gray, was convicted in Knox County of felony murder, attempted especially aggravated robbery, and attempted aggravated robbery. Trial counsel filed a premature notice of appeal and failed to file a timely motion for new trial. On direct appeal, this Court reviewed Petitioner's issues, other than sufficiency of the evidence, for plain error. *State v. Jerry Rommell Gray*, No. E2010-00637-CCA-R3-CD, 2012 WL 2870264, at *1 (Tenn. Crim. App. July 13, 2012). Petitioner's convictions were affirmed. Petitioner subsequently filed an untimely petition for post-conviction relief in which he sought a delayed appeal based on ineffective assistance of counsel, specifically alleging that trial counsel's failure to file a timely motion for new trial was presumptively prejudicial. Without ruling on the timeliness of the petition, the post-conviction court determined Petitioner was entitled to a delayed appeal but instructed Petitioner that he was not permitted to file an additional motion for new trial. After a review of the record and authorities, we reverse the decision of the post-conviction court and remand the matter for a hearing, during which the post-conviction court should first determine whether the statute of limitations for post-conviction petitions should be tolled. If the post-conviction court determines that the statute should be tolled for due process considerations, the court should then determine if Petitioner received ineffective assistance of counsel and is entitled to a delayed appeal under Tennessee Code annotated section 40-30-113, which authorizes the filing of a motion for new trial when no motion for new trial was filed in the original proceeding. Consequently, the judgment of the post-conviction court is reversed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT

WILLIAMS, and ROBERT W. WEDEMEYER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the petitioner, Jerry Rommell Gray.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Mike Flynn, District Attorney General; and Kevin Allen, Assistant District Attorney General, for the respondent, State of Tennessee.

**OPINION**

*Factual Background*

This matter is before this Court on Petitioner's appeal of the post-conviction court's dismissal of his petition for post-conviction relief. The procedural posture is complicated by Petitioner's failure to ever have a full hearing on a motion for new trial from his 2010 convictions.

On February 24, 2010, Petitioner was convicted by a Knox County jury of first degree felony murder, attempted especially aggravated robbery, and attempted aggravated robbery. *State v. Jerry Rommell Gray*, No. E2010-00637-CCA-R3-CD, 2012 WL 2870264, at *1 (Tenn. Crim. App. July 13, 2012). Defendant filed a notice of appeal on March 15, 2010. The trial court did not hold a sentencing hearing until June 18, 2010. The judgments of conviction were entered the same day. On March 8, 2011, Petitioner filed an untimely motion for new trial. The trial court determined that it was without jurisdiction to hear the untimely motion.

Petitioner appealed to this Court. Petitioner's premature notice of appeal, filed prior to the sentencing hearing, was deemed timely filed based on the application of Tennessee Rule of Appellate Procedure 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof."). On appeal, this Court reviewed the issues presented for plain error because Petitioner's issues were not raised in a timely motion for new trial. *Id.* at *4. On direct appeal, Petitioner argued that "the trial court violated *Crawford v. Washington*, 541 U.S. 36 (2004), by allowing the State to present fingerprint evidence; that the trial court erred when it allowed the State to take additional fingerprints of [Defendant] during trial; and that the trial court erred by failing to instruct the jury regarding accomplice testimony." *Id.* This Court determined that Petitioner was not entitled to plain error relief; his convictions and sentence were affirmed on appeal. *Id.* at *8.

Petitioner filed a pro se petition for post-conviction relief on September 11, 2013, in Knox County. Petitioner sought post-conviction relief for his February 24, 2010 convictions for which he received a life sentence plus fifteen years. Petitioner acknowledged the untimeliness of his post-conviction petition but asserted that a new rule of constitutional law, ineffective assistance of counsel, prosecutorial misconduct, and judicial misconduct mandated relief.[1]

Counsel was appointed and an amended petition was filed. In the amended petition, Petitioner asserted that trial counsel was ineffective for filing a premature notice of appeal and for filing an untimely motion for new trial. Petitioner complained that the alleged ineffective assistance of counsel required Petitioner's issues to be "subject to the more difficult standard of plain error review" on appeal.

The post-conviction court held a hearing on the petition for relief. No testimony was offered at the hearing. The post-conviction court heard argument of counsel and took the matter under advisement. The post-conviction court entered an order containing findings of fact and conclusions of law. In the order, the post-conviction court noted that Petitioner asserted and the State did not contest that trial counsel's performance fell below reasonable professional standards with regard to the failure to timely file a motion for new trial. The post-conviction court determined that trial counsel's errors resulted in Petitioner's issues being reviewed for plain error on appeal. The post-conviction court deemed trial counsel's actions to amount to ineffective assistance of counsel. Specifically, the post-conviction court determined that the actions of counsel were "presumptively prejudicial." Additionally, the post-conviction court determined that "although Petitioner's appellate issues were reviewed for plain error, trial counsel's failure to timely file a motion for new trial resulted in a higher standard of scrutiny on appeal and potential waiver of issues, and therefore, Petitioner's prior direct appeal does not remove the prejudice to him." The post-conviction court determined that Petitioner would have raised the issues he raised on direct appeal in a motion for new trial had it not been for trial counsel's ineffectiveness. As a result, the post-conviction court denied Petitioner a new trial but granted Petitioner a delayed appeal pursuant to Tennessee Code Annotated section 40-30-113(a)(1). The post-conviction court noted that a motion for new trial was filed in the original case and that it was "just late," commenting that "the [c]ourt's understanding of the law is that the issues that were raised in the late-filed motion for a new trial that was dismissed . . . for the lateness of the filing are those that he can present on direct appeal to the Court of Criminal Appeals for further consideration." The post-conviction court clarified the intent of its ruling by explaining that it was the "[c]ourt's

---

[1]Interestingly, the State did not address the timeliness of the petition for relief at the hearing in the post-conviction court or in their brief on appeal.

intent that [Petitioner] be able to raise those issues as if they had been raised and argued and denied at a motion for new trial."

*Analysis*

At the outset, we acknowledge that Petitioner concedes that his petition for post-conviction relief was untimely. On direct appeal, this Court affirmed the judgments of the trial court on July 13, 2012. Petitioner's post-conviction petition was filed on September 11, 2013, after the one year statute of limitations for post-conviction relief had expired. For reasons unbeknownst to this Court, neither the State nor the post-conviction court pointed out this procedural malady with regard to the petition, and the post-conviction court ruled on the merits of the petition for relief.

A person convicted of a crime must petition for post-conviction relief within one year of the date on which the judgment became final, if no appeal was taken. T.C.A. § 40-30-102(a). Time is of the essence when asserting a claim for post-conviction relief, and a petitioner's compliance with the statute of limitations is an element of the right to file a petition. *See id.* § 40-30-102(b). A petition for post-conviction relief must include facts that demonstrate timely filing or justification for tolling the statute of limitations period. *See State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). A petitioner's failure to include sufficient factual allegations of either compliance with the statute or circumstances that require the court to toll the statute will result in dismissal. *Id.* However, pursuant to Tennessee Code Annotated section 40-30-102(b)(1)-(3), this Court may consider a petition for post-conviction relief filed outside the one-year statute of limitations if the petitioner's claim (1) is based upon a final ruling of an appellate court establishing a new constitutional right; (2) is based upon new scientific evidence establishing that petitioner is actually innocent; or (3) seeks relief from a sentence that was enhanced because of a prior conviction that was found to be invalid.

In addition to the exceptions above, this Court will also consider an untimely petition if due process considerations require tolling of the post-conviction statute of limitations. *See Whitehead v. State*, 402 S.W.3d 615, 622-23 (Tenn. 2013); *Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204, 210 (Tenn. 1992). "To determine if due process requires the tolling of the statute of limitations, a court must weigh the petitioner's interest in having an opportunity to present his claims in a meaningful time and manner against the state's interest in preventing the litigation of stale and fraudulent claims." *Gerald Wayne Carter v. State*, No. W2008-00652-CCA-R3-PC, 2008 WL 4922710, at *2 (Tenn. Crim. App. Nov. 13, 2008) (citing *Burford*, 845 S.W.2d at 208).

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), our supreme court addressed a seemingly time-barred post-conviction petition that claimed that Williams's trial counsel's actions deprived him of a meaningful opportunity to seek post-conviction relief. In *Williams*, the court ordered an evidentiary hearing to determine:

> (1) whether due process tolled the statute of limitations so as to give the appellee a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the appellee's filing of the post-conviction petition in October 1996 was within the reasonable opportunity afforded by the due process tolling. To summarily terminate his claim without further inquiry would be an "abridgement of both direct and post-conviction avenues of appeal—without ever reaching the merits of the appell[ee's] case—[and] would be patently unfair."

*Id.* at 471 (quoting *Crittenden v. State*, 978 S.W.2d 929, 932 (Tenn. 1998)).

We determine that, in the present case, Petitioner has alleged facts that "entitle him to a determination [of] whether principles of due process require a tolling of the statute of limitations." *Ruben Pimentel v. State*, No. M2009-00668-CCA-R3-PC, 2010 WL 271160, at *2 (Tenn. Crim. App. Jan. 22, 2010). Specifically, Petitioner has alleged that trial counsel's actions of prematurely filing of the notice of appeal and subsequent failure to file a timely motion for new trial ultimately led to the review of Petitioner's issues on appeal, other than sufficiency and sentencing, for plain error rather than the typical standard of review which would have applied to each issue.

The post-conviction court herein did not determine if due process or the exceptions set forth in Tennessee Code Annotated section 40-30-102(b)(1)-(3) applied in this case to toll the statute of limitations. Without a determination as to whether the statute of limitations should be tolled for due process considerations, we are unable to review the post-conviction court's determination that Petitioner is entitled to relief in the form of a delayed appeal based on the presumptively prejudicial actions of trial counsel. *See Timmy Reagan v. State*, No. M2007-01396-CCA-R3-PC, 2009 WL 230355, at *2 (Tenn. Crim. App. Feb. 2, 2009) (remanding case for determination of timeliness of petition for post-conviction relief where issue was not raised by either party). Because untimeliness is jurisdictional, we must remand the matter to the post-conviction court for a determination of whether the statute of limitations should be tolled. Accordingly, the order of the post-conviction court is reversed and vacated, and the case is remanded to that court to conduct a hearing to determine (1) whether due process principles or one of the statutory ground "tolled the statute of limitations so as to give [Petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner"; and if so, (2) "whether

[Petitioner's] filing of the post-conviction petition . . . was within the reasonable opportunity afforded by the due process tolling." *See Williams*, 44 S.W.3d at 471.

In the event the post-conviction court makes a determination that due process considerations require tolling of the statute of limitations, the post-conviction court should then determine whether Petitioner is entitled to relief in the form of filing a motion for new trial (clearly setting forth all claims of error from his original convictions) and a delayed appeal. Tennessee Code Annotated section 40-30-113 outlines the procedure for granting a delayed appeal as follows:

> (a) When the trial judge conducting a hearing pursuant to this part finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee and that there is an adequate record of the original trial proceeding available for a review, the judge can:
>
> (1) If a transcript was filed, grant a delayed appeal;
>
> (2) If, in the original proceedings, a motion for a new trial was filed and overruled but no transcript was filed, authorize the filing of the transcript in the convicting court; or
>
> (3) If no motion for a new trial was filed in the original proceeding, authorize a motion to be made before the original trial court within thirty (30) days. The motion shall be disposed of by the original trial court as if the motion had been filed under authority of Rule 59 of the Rules of Civil Procedure.
>
> (b) An order granting proceedings for a delayed appeal shall be deemed the final judgment for purposes of review. If either party does appeal, the time limits provided in this section shall be computed from the date the clerk of the trial court receives the order of the appellate court determining the appeal.
>
> (c) The judge of the court which sentenced a prisoner who has sought and obtained relief from that sentence by any procedure in a federal court is likewise empowered to grant the relief provided in this section.

We find it imperative to note that the post-conviction court herein originally granted Petitioner a delayed appeal pursuant to Tennessee Code Annotated section 40-30-113(a)(1). In the event that the post-conviction court determines a delayed appeal is warranted on remand, a delayed appeal in this case would be more proper under Tennessee Code

Annotated section 40-30-113(a)(3),[2] because the untimely motion for new trial that was filed in this case is a nullity. *See* Tenn. R. Crim. P. 33(b).

We are mindful that the original trial judge is no longer a judge and is unable to consider a motion for new trial, should the post-conviction court determine on remand that due process requires a delayed appeal.[3] This court has previously held in matters where the trial judge is unable to rule on a motion for new trial, a successor judge may consider a motion for new trial.

> In situations when a trial judge is unable to perform post-verdict duties, Rule 25(b)(1) of the Rules of Criminal Procedure provides: "After a verdict of guilty, any judge regularly presiding in or who is assigned to a court may complete the court's duties if the judge before whom the trial began cannot proceed because of absence, death, sickness, or other disability." Rule 25(b)(2) elaborates that "[t]he successor judge may grant a new trial when that judge concludes that he or she cannot perform those duties because of the failure to preside at the trial or for any other reason." This court has held that a successor judge's consideration, pursuant to Rule 25(b) of whether the duties of the original judge with regard to a motion for new trial can be met in a particular case "must include an assessment of his or her ability to act as a thirteenth juror, including witness credibility." *State v. Nail*, 963 S.W.2d 761, 765 (Tenn. Crim. App. 1997); *see also State v. Biggs*, 218 S.W.3d 643, 653-54 (Tenn. Crim. App. 2006); *State v. Brown*, 53 S.W.3d 264, 275 (Tenn. Crim. App. 2000). This assessment in turn requires the successor judge to determine "the extent to which witness credibility was a factor in the case and the extent to which he [or she] had sufficient knowledge or records before him [or her] in order to decide whether the credible evidence, as viewed by the judge,

---

[2]If the post-conviction court grants a delayed appeal pursuant to Tennessee Code Annotated section 40-30-113(a)(3), Petitioner has thirty days to file a motion for new trial from the date of the order granting the delayed appeal. Failure to file a motion for new trial forces the appellate court to review issues other than sufficiency and sentencing for plain error. *State v. Stephano L. Weilacker*, No. M2013-01532-CCA-R3-CD, 2014 WL 4402123, at *3 (Tenn. Crim. App. Sept. 8, 2014) (noting that failure to present claims other than sufficiency and sentencing in a timely motion for new trial after grant of a delayed appeal prevents review on appeal for anything other than plain error).

[3]Richard R. Baumgartner was the original trial judge in February 2010. He sentenced Petitioner to a life sentence in count 1 (first degree murder) immediately after the jury returned its verdict. Former Judge Baumgartner was removed as a trial judge before Petitioner's sentencing in count 2 (attempted especially aggravated robbery) and count 3 (attempted aggravated robbery) which was rendered by Judge Bobby McGee, sitting by interchange. Senior Judge Jon Kerry Blackwood, sitting by designation, denied Petitioner's March 8, 2011 Motion For New Trial.

adequately supported the verdict." *Nail*, 963 S.W.2d at 766; *see also Biggs*, 218 S.W.3d at 654; *Brown*, 53 S.W.3d at 275. If these determinations cannot be made by the successor judge, then the verdict cannot be approved and a new trial must be granted. *See Biggs*, 218 S.W.3d at 654; *Brown*, 53 S.W.3d at 275; *Nail*, 963 S.W.2d at 766.

*State v. Ellis*, No. E2011-02017-CCA-R3CD, 2013 WL 1189443, at *7 (Tenn. Crim. App. Mar. 22, 2013), *perm. app. granted*, (Tenn. Aug. 13, 2013).

There is an ample record in this case for a successor judge to review and make all proper assessments of the evidence presented at Petitioner's February 2010 trial and his or her ability to act as thirteenth juror. Thus, a successor judge should be appointed if the post-conviction court determines that due process principles warrant a motion for new trial and a delayed appeal.

*Conclusion*

After a review of the record, we determine that the post-conviction court erred by failing to make a determination as to the timeliness of the post-conviction petition. Accordingly, we reverse and vacate the post-conviction court's order and remand the case to the post-conviction court. On remand, the post-conviction court should first hold an evidentiary hearing to determine whether the statute of limitations for the filing of a post-conviction petition should be tolled on due process principles. Second, if the post-conviction court determines that the statute of limitations should be tolled, we direct the post-conviction court to determine whether Petitioner is entitled to the requested relief in the form of a delayed appeal and the filing of a motion for new trial in the trial court under Tennessee Code Annotated section 40-30-113(a)(3). To be clear, if such be the finding of the post-conviction court, counsel for Petitioner shall file a motion for new trial setting forth all claims of error at Petitioner's February 2010 trial within 30 days of such finding, pursuant to Tennessee Code Annotated section 40-30-113(a)(3). Third, if the post-conviction court determines that the statute of limitations should be tolled, we direct the Presiding Judge for the 6th Judicial District to appoint a successor judge to the original trial judge for the purpose of review and assessment of the trial record pursuant to Rule 25(b)(1) and (2) of the Rules of Criminal Procedure.

_____
TIMOTHY L. EASTER, JUDGE