IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

| | | |
|---|---|---|
| FRANK CRITTENDEN | ) | FOR PUBLICATION |
| | ) | |
| | ) | FILED: OCTOBER 12, 1998 |
| Appellant | ) | |
| | ) | DAVIDSON COUNTY |
| v. | ) | |
| | ) | HON. J. RANDALL WYATT, |
| STATE OF TENNESSEE | ) | JUDGE |
| | ) | |
| Appellee | ) | NO. 01-S-01-9712-CR-00267 |

**FILED**

October 12, 1998

Cecil W. Crowson
Appellate Court Clerk

For Appellant:

PETER D. HEIL
Nashville, TN

For Appellee:

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

ELIZABETH T. RYAN
Assistant Attorney General
Nashville, TN

VICTOR S. JOHNSON, III
District Attorney General

WILLIAM REED
Assistant District Attorney General
Nashville, TN

OPINION

AFFIRMED IN PART; REMANDED TO TRIAL COURT          BIRCH, J.

In this post-conviction case, Frank Crittenden, the appellant, pleaded guilty to eight counts of aggravated rape. After a sentencing hearing, the trial court imposed an effective sentence of one hundred years to the Department of Correction. Two issues are before this Court: first, the appellant contends that the indictment upon which he was convicted failed to allege a culpable mental state and, for that reason, the trial court was without jurisdiction to enter judgments of conviction; second, he insists that he did not have the assistance of counsel and consequently failed to file a notice of appeal. Hence, he seeks a delayed appeal.

For the reasons discussed below, we conclude that the indictment is adequate and the resulting convictions valid. Our holding notwithstanding, in the interest of justice we find that the appellant should have an opportunity to perfect a direct appeal.

Because the issues before us are questions of law, our review is *de novo*. State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997). First, we address the validity of the eight aggravated rape convictions entered against the appellant, pursuant to an indictment which failed to charge a specific culpable mental state. This issue first appears in appellant's Tenn. R. App. P. 11 application for permission to appeal. Defenses based on defects in the indictment are usually foreclosed if they are not raised prior to trial. Tenn. R. Crim. P. 12(b)(2) and (f). However, Rule 12(b)(2) also provides that a court shall notice at any time during

2

the pendency of the proceedings the defense that the indictment fails to show jurisdiction in the court or that it fails to charge an offense. Because the appellant has cast his argument in jurisdictional terms, we are able to address the alleged defect in the indictment.

Two of the eight aggravated rape convictions were based upon counts of the indictment alleging conduct in violation of the Criminal Sentencing Reform Act of 1989. These two counts charged that the appellant "did engage in unlawful sexual penetration of [R.C.],[1] a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39-13-502, and against the peace and dignity of the State of Tennessee." The aggravated rape statute neither expressly requires nor plainly dispenses with the requirement for a culpable mental state. Consequently, "intent, knowledge, or recklessness" suffices to establish the necessary culpable mental state. Tenn. Code Ann. § 39-11-301(c)(1991).

In Hill, 954 S.W.2d at 726-27, an aggravated rape case also prosecuted under the 1989 Act, we stated:

> for offenses which neither expressly require nor plainly dispense with the requirement for a culpable mental state, an indictment which fails to allege such mental state will be sufficient to support prosecution and conviction for that offense so long as
>
> (1) the language of the indictment is sufficient to meet the

---

[1]Due to the age of the victim and the nature of the offense, we identify the victim by initial only.

> constitutional requirements of
> notice to the accused of the charge
> against which the accused must
> defend, adequate basis for entry of
> a proper judgment, and protection
> from double jeopardy;
>
> (2) the form of the indictment meets
> the requirements of Tenn. Code Ann.
> § 40-13-202; and
>
> (3) the mental state can be
> logically inferred from the conduct
> alleged.

We held the indictment sufficient and the conviction valid. Id. at 729. Because the two counts in this case are essentially identical to the indictment in Hill, Hill controls our holding here. *A fortiori*, the indictment before us is sufficient, and the conviction based upon that indictment is valid.

The six remaining counts of the indictment allege conduct which occurred between 1983 and 1988 in violation of the Sexual Offenses Law of 1979. Each charges that on various dates in 1983, 1984, 1985, 1986, 1987, and 1988, the appellant "did engage in unlawful sexual penetration of [R.C.], a child less than thirteen (13) years of age, in violation of Tennessee Code Annotated § 39-2-603, and against the peace and dignity of the State of Tennessee." Although the appellant argues that Hill should not apply to these counts, we have already determined that the reasoning in Hill is as relevant to crimes committed under the 1979 Act as it is to those committed under the 1989 Act. Dykes v. Compton, __ S.W.2d __ (Tenn. 1998), 1998 WL 640275 (Tenn. Sept. 21, 1998).

4

Applying <u>Hill</u>, we consider these six counts of the indictment to be clear, concise, understandable, and in accordance with Tenn. Code Ann. § 40-13-202 (1990).[2]  Moreover, the defendant and the trial court were provided with adequate notice of the offenses charged, and the defendant was protected from reprosecution for the same offenses.  As <u>Hill's</u> last requirement, we held that an indictment is valid if the requisite culpable mental state may be logically inferred from the conduct alleged in the indictment.  Here, the culpable mental state is easily inferable from the conduct--unlawful sexual penetration--alleged in the indictment.  Therefore, these counts of the indictment satisfy the <u>Hill</u> requirements, and the convictions based upon them are valid.

As a consequential matter, we deem it important to stress the distinction between the allegations sufficient for a valid indictment and the proof necessary to convict.  A conviction requires proof beyond a reasonable doubt of every element of the offense.  An indictment needs only to satisfy the constitutional and statutory requirements in <u>Hill</u> for it to support a conviction.  Furthermore, we emphasize the fact that the Court has moved away from the strict pleading requirements adhered to under the common law.  As we noted in <u>Hill</u>, "the purpose of the traditionally strict

---

[2]Tennessee Code Annotated § 40-13-202 (1990) provides that an indictment must:

> state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment; . . . .

pleading requirement was the existence of common law offenses whose elements were not easily ascertained by reference to a statute. Such common law offenses no longer exist." Id. at 728. Were we to hold otherwise, we would be embracing technicalities that are empty and without reason. Id.

We move to the second issue concerning the appellant's request for delayed appeal. Because he was sentenced on February 10, 1995, he had until March 12, 1995, to file a notice of appeal. Tenn. R. App. P. 4(a). Immediately after sentencing, the appellant's attorney was permitted to withdraw from the case. Although the attorney advised the appellant of his right to appeal the sentences imposed by the trial court, the appellant apparently decided to waive his right to appeal, and the attorney filed a "Waiver of Appeal" on February 27, 1995.

The appellant thereafter had a change of mind, and on March 8, 1995, he requested by letter that the attorney file an appeal. The letter was returned unopened, along with a cover letter reminding the appellant that the attorney would no longer act on his behalf. Thus, the thirty-day time period in which to file the notice of appeal expired. The appellant then filed a *pro se* motion to file a delayed appeal on March 23, 1995, which was subsequently converted into the instant petition for post-conviction relief.

The petition for post-conviction relief alleged that a delayed appeal was warranted under Tenn. Code Ann. § 40-30-120

(1990) because the trial attorney provided ineffective representation.[3] After a hearing, the trial court denied post-conviction relief, finding as a matter of fact that the trial attorney provided competent representation. The Court of Criminal Appeals ruled that the evidence did not preponderate against this finding, and we agree. Notwithstanding the correctness, the trial court's ruling on the issue of the appellant's opportunity to appeal remains unresolved.

We are concerned that the appellant did not have an adequate opportunity to appeal his sentences. Under Tenn. R. App. P. 4(a),

> in all criminal cases the "notice of appeal" document is not jurisdictional and the filing of such document may be waived in the interest of justice. The appropriate appellate court shall be the court that determines whether such a waiver is in the interest of justice.

See also Tenn. Code Ann. § 27-1-123 (Supp. 1997). Although the appellant initially decided to waive his right to appeal, he changed his mind during the period in which he did not have the advice of counsel. The record shows that he attempted to perfect

---

[3]Additionally, in his application for permission to appeal to this Court, the appellant contends for the first time that the trial court failed to comply with Tenn. R. Crim. P. 37(e), which requires the court to advise a defendant of his right to appeal or to appoint counsel for representation on appeal, if the defendant is indigent. The lower courts have had no opportunity to address this question, and no record has been developed on it. In any event, because we are resolving the delayed appeal issue under Tenn. R. App. P. 4(a), we need not address Rule 37(e).

his appeal _before_ the limitations period for filing a notice of appeal expired by seeking the assistance of the attorney who had just withdrawn from his representation. Moreover, he managed to file a _pro se_ "motion to file belated appeal" only eleven days after the limitations period expired.

Under these circumstances, the abridgement of both direct and post-conviction avenues of appeal--without ever reaching the merits of the appellant's case--would be patently unfair. See Smith v. State, 873 S.W.2d 5, 6 (Tenn. Crim. App. 1993). Although the appellant has not requested a waiver of the notice of appeal requirement, an appellate court may do so on its own motion when it is in the interest of justice. State v. Dodson, 780 S.W.2d 778, 781 (Tenn. Crim. App. 1989). It is the opinion of this Court that the notice of appeal requirement should be waived, and we now do so.

Typically, when an appellate court waives the notice of appeal requirement, it then immediately resolves the appeal on its merits. In this case, however, the Court has before it only the record concerning post-conviction relief; no court has addressed sentencing. We therefore find it necessary to remand the cause to the trial court, with instructions to appoint counsel if necessary and to reinstate the sentences in order to start anew the time within which the appellant may perfect a direct appeal of his sentences to the Court of Criminal Appeals.

In conclusion, we hold that the language of this indictment was sufficient to support the convictions on eight counts of aggravated rape. Because we find that a waiver of the notice of appeal requirement furthers the interest of justice, we remand the cause to the trial court with instructions to appoint counsel if necessary and to reenter the sentencing judgment in order to start anew the time within which the appellant may perfect a direct appeal of his sentences.

The costs of this appeal are taxed to the State, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.
Drowota, Holder, JJ.
Reid, S.J., not participating