IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. GARY RUSSELL

**Appeal as of Right from the Criminal Court for Anderson County**
**No. 98CR275A     James B. Scott, Jr., Judge**

**No. E1999-01511-CCA-R3-CD**
**March 21, 2001**

The appellant pled guilty in the Anderson County Criminal Court to three counts of selling over .5 grams of cocaine.  Pursuant to a plea agreement, the trial court imposed concurrent sentences of eight years incarceration in the Tennessee Department of Correction for each conviction.  The trial court denied the appellant any form of non-incarcerative alternative sentencing, including probation.  On appeal, the appellant challenges the trial court's denial of alternative sentencing.  Upon review of the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JAMES CURWOOD WITT, JR., JJ., joined.

Michael W. Ritter, Oak Ridge, Tennessee, for the appellant, Gary Russell.

Paul G. Summers, Attorney General and Reporter, Glen C. Watson, Assistant Attorney General, and Jan Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### I.  Factual Background

On three separate occasions in 1997, the appellant, Gary Russell, sold cocaine to undercover agents of the Tennessee Bureau of Investigation.  On April 29, 1997, the appellant sold an undercover agent and an informant .9 grams of cocaine.  On May 29, 1997, the appellant again sold an agent and an informant 26.7 grams of cocaine.  The appellant repeated the pattern on June 1, 1997, by selling 26.3 grams of cocaine to an agent and an informant.  Moreover, following his arrest for the three cocaine sales and while released on bond in those cases, the appellant approached the informant in a Rite-Aid drug store and threatened him.

On the basis of these events, the appellant pled guilty on April 5, 1999, to three counts of selling over .5 grams of cocaine, a class B felony, and one count of stalking, a class A

misdemeanor. Pursuant to a plea agreement, the trial court sentenced the appellant to concurrent terms of eight years incarceration in the Tennessee Department of Correction for each of the sale of cocaine convictions and to eleven months and twenty-nine days incarceration in the Anderson County Jail for the stalking conviction. The plea agreement further provided that the trial court would determine whether the appellant is a suitable candidate for probation. Accordingly, the trial court conducted a hearing, at the conclusion of which it denied the appellant any form of non-incarcerative alternative sentencing, including probation. On appeal, the appellant challenges the trial court's denial of alternative sentencing.

## II. Analysis

In addressing the appellant's challenge, we initially note that the appellant's Notice of Appeal does not cite or include the docket number applicable to the stalking case. Of course, the failure to include the stalking case in his Notice of Appeal does not necessarily preclude this court from addressing the trial court's denial of an alternative sentence in that case. Tenn. R. App. P. 4(a); Crittenden v. State, 978 S.W.2d 929, 932 (Tenn. 1998). Yet, it is not apparent from the appellant's brief whether or not he intended to appeal the stalking case. Significantly, the appellant has not included in the record before this court the judgment of conviction in the stalking case. In any event, we conclude that, with respect to both his sale of cocaine convictions and his stalking conviction, the appellant is not an appropriate candidate for any form of non-incarcerative alternative sentencing.

This court reviews challenges to the manner of service of a sentence de novo. Tenn. Code Ann. § 40-35-401(d) (1997). Conditioned upon a finding that the trial court properly considered sentencing principles and all relevant facts and circumstances, this court will conduct its de novo review with a presumption that the trial court's findings are correct. State v. Boggs, 932 S.W.2d 467, 472-73 (Tenn. Crim. App. 1996). Because the trial court did not clearly articulate the basis on which the appellant was denied probation or some other form of non-incarcerative alternative sentencing, we will examine the trial court's findings de novo without a presumption of correctness. Nonetheless, the appellant still bears the burden of demonstrating to this court why the sentences imposed by the trial court are improper. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; see State v. Russell, 10 S.W.3d 270, 273 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1999).

In conducting its de novo review, this court generally considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the pre-sentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statement by the appellant in his own behalf; and (7) the appellant's potential for rehabilitation or treatment. Tenn. Code Ann. § 40-35-102,-103,-210 (1997). See also State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995).

More specifically, in evaluating a trial court's denial of non-incarcerative alternative sentencing, we must first determine if the appellant is statutorily presumed to be a favorable candidate for alternative sentencing. The statutory presumption applies only to those defendants who

are especially mitigated or standard offenders convicted of class C, D, or E felonies. Tenn. Code Ann. § 40-35-102(6). The statutory presumption does not apply to other felons or to misdemeanants. Id.; see also State v. Williams, 914 S.W.2d 940, 949 (Tenn. Crim. App. 1995); State v. Gerald Cathey, No. W1999-00660-CCA-R3-CD, 2000 WL 633325, at *2 (Tenn. Crim. App. at Jackson , May 12, 2000). Because the appellant was convicted of three counts of the sale of cocaine over .5 grams, a class B felony, and one count of stalking, a class A misdemeanor, the appellant is not entitled to the statutory presumption in favor of alternative sentencing. Id.

Regardless, because the appellant was sentenced to eight years incarceration, he is still a candidate for probation. Tenn. Code Ann. § 40-35-303(a) (1997). In determining the appellant's suitability for a non-incarcerative sentencing alternative, including probation, this court considers whether

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1).

We conclude that granting the appellant a non-incarcerative alternative sentence would depreciate the seriousness of his offenses. Tenn. Code Ann. § 40-35-103(1)(B). First, the appellant has previously been convicted of drug-related offenses, including the sale of cocaine and simple possession of marijuana. In light of these prior convictions, granting the appellant probation for the present drug-related offenses would pose a greater likelihood of depreciating their seriousness. State v. Michael Stamm, No. 03C01-9602-CC-00068, 1997 WL 189921, at *2 (Tenn. Crim. App. at Knoxville, April 17, 1997); cf. also State v. Karen McKnight, No. 01C01-9601-CC-00042, 1997 WL 672663, at *2 (Tenn. Crim. App. at Nashville, October 30, 1997); State v. Betty Hiler Jones, No. 89-80-III, 1990 WL 38340, at *1 (Tenn. Crim. App. at Nashville, April 6, 1990). Second, the appellant in the instant cases was convicted of three sales of cocaine that occurred over a three month period and involved a total amount of nearly 54 grams of cocaine. This court is not required to ignore multiplicity of counts in evaluating the need to avoid depreciating the seriousness of offenses. State v. Zeolia, 928 S.W.2d 457, 462 (Tenn. Crim. App. 1996). Moreover, we have previously observed that, when a drug-related offense involves an "excessive or exaggerated" amount of drugs, confinement may be necessary to avoid depreciating the seriousness of the offense. Cathey, No. W1999-00660-CCA-R3-CD, 2000 WL 633325, at *2; see also State v. Alexander A. Lee, No. W1999-01804-CCA-R3-CD, 2000 WL 1840077, at *3 (Tenn. Crim. App. at Jackson, December 14, 2000); State v. William Waylon Jackson, No. 02C01-9707-CC-00267, 1998 WL 285555, at *5 (Tenn. Crim. App. at Jackson, June 3, 1998).

We also conclude that, because measures less restrictive than confinement have both frequently and recently been applied unsuccessfully to this appellant, the trial court properly denied

the appellant alternative sentencing with respect to all of his convictions. Tenn. Code Ann. § 40-35-103(1)(C); see also State v. Billy Charles Bohanan, No. 03C01-9709-CC-00434, 1999 WL 64225, at *2 (Tenn. Crim. App. at Knoxville, February 11, 1999); State v. Rickey Coleman, No. 01C01-9604-CC-00139, 1997 WL 284593, at *3 (Tenn. Crim. App. at Nashville, May 30, 1997). After the appellant received an early release from a twenty-year sentence resulting from a felony drug conviction in federal court, the appellant committed the present offenses. Furthermore, the appellant was granted a suspended sentence for his prior conviction of simple possession of marijuana. Finally, as noted earlier, the appellant committed the stalking offense while on bond for the sale of cocaine offenses. State v. Ronald Wayne Ashby, No. M1999-01247-CCA-R3-CD, 2000 WL 995256, at *6 (Tenn. Crim. App. at Nashville, July 12, 2000); State v. Kenneth A. Price, No. 01C01-9310-CC-00338, 1994 WL 151325, at *2 (Tenn. Crim. App. at Nashville, April 28, 1994). In short, the "[a]ppellant has had repeated opportunities to reform himself in an environment less restrictive than confinement, and he has chosen not to do so." Stamm, No. 03C01-9602-CC-00068, 1997 WL 189921, at *2.

Nevertheless, in attempting to demonstrate his suitability for non-incarcerative alternative sentencing, the appellant notes the following factors: other offenders with worse criminal records have received probation; the appellant has previously abided by the terms of probation; the appellant has promised to pay his court costs and fines by selling a mobile home and some land that he owns; and the appellant has diabetes. We will address each of these factors in turn.

As to the first factor, we note that "each case must be bottomed upon its own facts." State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App.1987). In other words, alternative sentences are granted on a case-by-case basis; therefore, "some disparity [between sentences imposed] is justified, depending on the particular crime and the individual criminal." State v. Moss, 727 S.W.2d 229, 235 (Tenn.1986). Accordingly, the fact that another individual may have been granted probation for the same offense does not make this appellant any more deserving of probation or some other form of alternative sentencing.

The record does reflect that the appellant has previously abided by the terms of probationary sentences. The appellant now assures the court that he will abide by the terms of yet another probationary sentence and will pay his court costs and fines within six to eight months by selling a mobile home and some land. However, the record also reflects that the appellant returned to criminal activity following the expiration of his prior alternative sentences. Considering the appellant's history, we do not find the appellant's assurances to be persuasive.

Finally, we are not unsympathetic to the appellant's diabetic condition. However, we cannot conclude that this factor outweighs the need for the appellant's confinement.

### III. Conclusion


For the foregoing reasons, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE