# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 9, 2004

## STATE OF TENNESSEE v. BRIAN FRENCH

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 49900040     Michael R. Jones, Judge**

---

**No. M2002-02465-CCA-R3-CD - Filed June 29, 2004**

---

The defendant, Brian French, appeals the revocation of his probation. We dismiss the appeal due to the untimely filing of the notice of appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Roger Eric Nell, District Public Defender; and Russel A. Church, Assistant District Public Defender, for the appellant, Brian French.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Helen O. Young, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On August 14, 2001, the defendant pled guilty to the sale of more than one-half ounce of marijuana, a Class E felony, and received a one-year sentence as a Range I standard offender to be served on probation. *See* Tenn. Code Ann. § 39-17-417(g)(1). The trial court revoked the defendant's probation in November 2001. The defendant received determinate release in January 2002, and again embarked on probation. On May 6, 2002, a probation violation warrant was issued alleging the defendant failed to report to his probation officer, failed to pay the required fees, and violated curfew. Following a hearing, the trial court revoked the defendant's probation and ordered him to serve his one-year sentence in confinement with credit for time served.

The defendant filed his notice of appeal on September 26, 2002, forty-two days after the trial court's entry of its August 15, 2002, order revoking the defendant's probation. Tennessee Rule of Appellate Procedure 4(a) provides that a notice of appeal must be filed within thirty days of the judgment from which the appeal is taken. However, the appellate court in a criminal case may waive the timely filing of a notice of appeal "in the interest of justice." Tenn. R. App. P. 4(a); *see* Crittenden v. State, 978 S.W.2d 929, 932 (Tenn. 1998). In the case at bar, the defendant filed his

notice of appeal twelve days beyond the thirty-day requirement. The record and the defendant's brief do not offer any explanation for the failure to file a notice of appeal in a timely fashion, nor has the defendant requested that this court waive the timely filing of the notice of appeal.

Furthermore, the record indicates the defendant was not on bond pending appeal and has since been released from confinement. Following the filing of the notice of appeal, this court granted the defendant's motions for extension of time to file his brief on January 27 and March 19, 2003. No brief was filed; the appeal languished. On January 27, 2004, this court issued an order instructing defense counsel to file his brief. The defendant's brief was lodged on February 6 and accepted by this court as late-filed by order of February 17, 2004. The state's brief was filed on March 16, and the case was placed on this court's June 2004 docket, approximately one year and ten months after the trial court revoked the defendant's probation. Moreover, defense counsel's affidavit attached to his motion for acceptance of his late-filed brief indicates the defendant has fully served his sentence, and defense counsel made numerous unsuccessful attempts to contact the defendant concerning prosecution of this appeal. It further appears the bases for appellate relief are utterly without merit. Therefore, we conclude the "interest of justice" does not require a waiver of the timely filing of the notice of appeal.

Accordingly, the appeal is dismissed.

_____

JOE G. RILEY, JUDGE