FILED

04/03/2018

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
February 13, 2018 Session

## UGENIO DEJESUS RUBY-RUIZ v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2011-C-2109    Steve R. Dozier, Judge**

_____

### No. M2017-00834-CCA-R3-PC

_____

Following a trial, a Davidson County jury convicted the Petitioner, Ugenio Dejesus Ruby-Ruiz, of three counts of sexual exploitation of a minor; five counts of aggravated sexual battery; nine counts of rape of a child; one count of especially aggravated sexual exploitation of a minor; and two counts of rape, for which the trial court imposed an effective sentence of 121 years in the Department of Correction.  The Petitioner subsequently filed a petition for post-conviction relief, which was denied following a hearing.  Upon review, we conclude that the pro se petition was filed outside the one-year statute of limitations applicable to post-conviction proceedings.  However, because we are unable to determine from the record whether due process requires the tolling of the statute of limitations, we vacate the post-conviction court's order and remand the case to the post-conviction court for a determination of whether due process tolling applies.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Vacated**
**and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Manuel B. Russ, Nashville, Tennessee, for the appellant, Ugenio Dejesus Ruby-Ruiz.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas S. Bolduc, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Tammy Meade, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Factual and Procedural Background

In an opinion filed May 12, 2015, this court affirmed the Petitioner's judgments of conviction. *State v. Ugenio Ruby-Ruiz*, No. M2013-01999-CCA-R3-CD, 2015 WL 2227933, at \*1-4 (Tenn. Crim. App. May 12, 2015), *perm. app. dismissed* (Tenn. Mar. 23, 2016). On August 21, 2015, the Petitioner filed an untimely application for permission to appeal to the Tennessee Supreme Court pursuant to Tennessee Rule of Appellate Procedure 11, along with a motion to accept the late-filed application. *See* Tenn. R. App. P. 11(b). In the motion to accept the late-filed application, appellate counsel explained the delay in filing the application by stating, "I for the last few months I have been dealing with a private issue concerning my son which has taken almost all my attention." On March 23, 2016, the Tennessee Supreme Court entered an order dismissing the untimely application for discretionary review. *State v. Ugenio Ruby-Ruiz*, No. M2013-01999-SC-R11-CD (Tenn. Mar. 23, 2016) (order dismissing the Petitioner's application for permission to appeal). Specifically, the supreme court's order stated:

> The Tenn. R. App. P. 11 application for permission to appeal filed on behalf of [the Petitioner] is untimely. [The Petitioner] has filed a motion to accept a late-filed application. Upon due consideration, the motion is denied. The Court declines to waive the time limit in the interest of justice. *See* Tenn. R. App. P. 11(b). Accordingly, the application is dismissed.

*Id.*

On June 27, 2016, the Petitioner filed a pro se petition for post-conviction relief, along with a motion to late-file the petition. In an initial order filed June 30, 2016, the post-conviction court noted that the petition was untimely, but the court set the matter for a hearing to determine whether due process required the tolling of the one-year statute of limitations. However, in an amended order filed July 13, 2016, the post-conviction court found that the petition was filed within the statute of limitations based on "the Tennessee Supreme Court's denial of the [P]etitioner's Rule 11 application filed on March 23, 2016[.]" Following the appointment of counsel, the Petitioner filed an amended petition, asserting that the Petitioner was denied the effective assistance counsel at trial and on appeal. At the conclusion of the evidentiary hearing, the post-conviction court took the matter under advisement. On April 11, 2017, the post-conviction court entered a written order denying post-conviction relief on all grounds.

The Petitioner now appeals.

## Analysis

The Petitioner contends that he was denied the effective assistance of counsel based on appellate counsel's failure to: (1) file an appellate brief that complied with the Tennessee Rules of Appellate Procedure; (2) raise additional, meritorious issues in the Petitioner's brief on appeal; and (3) file a timely application for permission to appeal to the Tennessee Supreme Court pursuant to Rule 11(b) of the Tennessee Rules of Appellate Procedure. The Petitioner further contends that appellate counsel's performance was "presumptively prejudicial," entitling him to relief under *United States v. Cronic*, 466 U.S. 648 (1984). The State responds that the Petitioner failed to establish ineffective assistance of appellate counsel. Before reaching the merits of the Petitioner's claims, however, we must first determine the timeliness of the petition for post-conviction relief.

The Post-Conviction Procedure Act states the following:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

Tenn. Code Ann. § 40-30-102(a). Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief filed outside the one-year statute of limitations unless:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in

which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b). Additionally, Tennessee courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). When a petitioner fails to timely file a petition for post-conviction relief due to circumstances outside of his control, due process requires tolling of the statute of limitations. *Id.* at 468-69. A petitioner is entitled to due process tolling upon a showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Whitehead v. State*, 402 S.W.3d 615, 631, 648 (Tenn. 2013) (citing *Holland v. Florida*, 560 U.S. 631, (2010)). Our supreme court has stated that the "due diligence" requirement of the analysis adopted in *Whitehead*

> does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts . . . . Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system.

*Id.* (quoting *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008)) (internal quotation marks omitted). The second prong of the due process tolling analysis is met when the petitioner's attorney of record abandons the prisoner or acts in a way directly adverse to the petitioner's interests, "such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true." *Id.*

On appeal, the parties have not addressed the application of the statute of limitations in this case. However, this court has previously concluded that, "[g]iven the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the petitioner's claims may properly occur." *Antonio L. Saulsberry v. State*, No. W2002-02538-CCA-R3-PC, 2004 WL 239767, at *1 (Tenn. Crim. App. Feb. 9, 2004), *perm. app. denied* (Tenn. June 1, 2004). As such, if we conclude that a post-conviction court did not have jurisdiction to consider a petition for post-conviction relief because it was untimely and due process did not require the tolling of the statute of limitations, this court must dismiss the appeal even if the State did not raise the statute of limitations, and the post-conviction court treated the petition as timely. *Stephen Willard Greene v. State*, No. E2005-02769-CCA-R3-PC, 2007 WL 1215022, at *5 (Tenn. Crim. App. April 25, 2007), *no perm. app. filed*.

As previously indicated, this court affirmed the Petitioner's convictions on May 12, 2015. On August 21, 2015, the Petitioner filed an untimely application for permission to appeal to the Tennessee Supreme Court, along with a motion to accept the late-filed application. The Petitioner's application for permission to appeal was dismissed on March 23, 2016, after the supreme court declined to waive the timeliness requirement in the interest of justice. In *Williams*, our supreme court stated that the "filing [of] an untimely application for permission to appeal to [the supreme court] does not constitute 'an appeal' . . . and therefore does not delay commencement of the one-year post-conviction statute of limitations." 44 S.W.3d at 471 (internal quotation marks omitted). The supreme court further stated, "[U]nder no circumstance are we allowing a petitioner to file an untimely application for permission to appeal with the belief that the one-year post-conviction statute would commence upon this Court's dismissal of that untimely application." *Id.*

Based on *Williams*, the statute of limitations for the instant petition for post-conviction relief began to run on May 12, 2015, when this court affirmed the Petitioner's convictions on direct appeal. The Petitioner had one year—until May 12, 2016—in which to file his petition, but the pro se petition for post-conviction relief was untimely filed on June 27, 2016, over a month outside of the statute of limitations. Consequently, the instant petition is untimely. *But see Monterious Bell v. State*, No. W2016-01709-CCA-R3-PC, 2017 WL 6027818, at *3-4 (Tenn. Crim. App. Dec. 5, 2017) (determining that, because the Tennessee Supreme Court considered and *denied on the merits* the petitioner's untimely application for permission to appeal, the supreme court's order constituted "the date of the final action of the highest state appellate court to which an appeal [was] taken" and that the petitioner had one year from the date of the supreme court's order to file a petition for post-conviction relief), *no perm. app. filed*.

This case does not fall within the three exceptions set forth in Tennessee Code Annotated section 40-30-102(b) that allow for the filing of a petition for post-conviction relief outside the one-year statute of limitations. Tenn. Code Ann. § 40-30-102(b). Therefore, the post-conviction court did not have jurisdiction to consider the petition unless the Petitioner could establish that he was "denied the reasonable opportunity to assert a claim in a meaningful time and manner[,]" entitling him to due process tolling. *Seals*, 23 S.W.3d at 279. The parties did not address whether due process tolling applied to the Petitioner's case during the post-conviction evidentiary hearing. As such, we believe that further development of the record is necessary to determine whether the limitations period should be tolled based on due process concerns under *Whitehead*. The record reflects that appellate counsel filed the Petitioner's application for permission to appeal on August 21, 2015. Presumably, appellate counsel continued to act as the Petitioner's counsel through the filing of the application until the supreme court entered

its order dismissing the application on March 23, 2016.  The Petitioner now alleges that counsel was ineffective on appeal.  What ramifications, if any, appellate counsel's representation may have had on the issue of the statute of limitations awaits further development of the record before the post-conviction court.  We recognize that the Petitioner had a month and a half following appellate counsel's representation—from March 23, 2016 to May 12, 2016—to pursue post-conviction relief pro se.  However, the question of what length of time constitutes "enough time" for a petitioner to pursue post-conviction relief is a question of fact for the post-conviction court.  *Williams*, 44 S.W.3d at 471.  For this court to "summarily terminate [the Petitioner's] claim without further inquiry would be an 'abridgement of both direct and post-conviction avenues of appeal—without ever reaching the merits of the [Petitioner's] case—[and] would be patently unfair.'"  *Id.* (citing *Crittenden v. State*, 978 S.W.2d 929, 932 (Tenn. 1998)) (some alterations in original).  Accordingly, we vacate the judgment of the post-conviction court and remand the case for a hearing on the issues of (1) whether due process tolled the statute of limitations so as to give the Petitioner a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the Petitioner's filing of the post-conviction petition on June 27, 2016, was within the reasonable opportunity afforded by the due process tolling.

## Conclusion

For the aforementioned reasons, the judgment of the post-conviction court is vacated, and the case is remanded for further proceedings consistent with this opinion.

_____
ROBERT L. HOLLOWAY, JR., JUDGE