IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2022

**STATE OF TENNESSEE v. JOSEPH SMITH**

**Appeal from the Criminal Court for Shelby County**
No. 14-00334    Chris Craft, Judge
_____

**No. W2021-00290-CCA-R3-CD**
_____

Pro-se petitioner, Joseph Smith, filed an untimely notice of appeal from the Shelby County Criminal Court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Following our review of the entire record and the briefs of the parties, we conclude that the interest of justice does not warrant a waiver of the notice requirement because Petitioner failed to state a colorable claim for relief. Therefore, we dismiss this appeal as untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JILL BARTEE AYERS., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Joseph Smith, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

Petitioner was arrested on August 6, 2013, for arson. On October 16, 2013, while in custody, he pled guilty to violation of community supervision, a Class E felony. The judgment reflects that he was sentenced to a Range I, two-year sentence consecutive to "Pending Arson Case." The judgment also reflects jail credit from August 16, 2013, the day he was placed in jail, to October 16, 2013, the day of his guilty plea.

On July 30, 2014, while still in custody, Petitioner pled guilty to arson, and received an agreed-upon Range II sentence of ten years to serve in the Tennessee Department of Correction. In March 2015, the Department of Correction asked the trial court to enter an amended judgment reflecting the consecutive alignment of the ten-year arson sentence and the two-year community supervision violation sentence so that Petitioner would not receive duplicative jail credits. To that end, on March 13, 2015, the trial court entered an amended judgment for the arson conviction with a notation that the sentence would run consecutive to "W1300652," the community supervision violation conviction. The amended judgment also reflects jail credit from August 16, 2013, to July 30, 2014, the day Petitioner pled guilty to arson.

On June 2, 2020, Petitioner filed a motion to correct illegal sentence under Tennessee Rule of Criminal Procedure 36.1 ("Rule 36.1"). In the motion, Petitioner claimed that his ten-year sentence is illegal because the trial court ran it consecutive to his "expired" two-year sentence. He alleged that he had served his two-year sentence in the penal farm before he pled guilty to, and was sentenced in, the arson case, and that there was no agreement for his ten-year sentence "to run concurrently or consecutively to any other sentence[.]" On June 8, 2020, the trial court denied the motion without a hearing and without appointing counsel because Petitioner had failed to state a colorable claim. In denying the motion, the trial court held that the ten-year sentence was authorized under the statute and "therefore not illegal and needs no correction." Petitioner filed an untimely notice of appeal on March 17, 2021.

**Analysis**

On appeal, Petitioner has not renewed his assertion that his sentence is illegal. He claims instead that the trial court erred in denying his Rule 36.1 motion because the consecutive nature of his sentence was "excessive." For the first time, he also claims that his sentence was excessive because he was denied pretrial and post-trial jail credit. The State contends that the appeal should be dismissed because the notice of appeal was untimely filed and the interest of justice does not mandate waiver of the filing requirement. On the merits, the State claims that the trial court properly denied Petitioner's Rule 36.1 motion because he failed to raise a colorable claim.

Tennessee Rule of Appellate Procedure 4(a) ("Rule 4(a)") states that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" Here, the trial court entered its order on June 8, 2020, and Petitioner's notice of appeal was file stamped March 17, 2021, over nine months after the trial court's entry of judgment. Petitioner's notice of appeal was clearly untimely.

"[H]owever, in all criminal cases, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." *Id.* *"Waiver is not automatic and should occur only when 'the interest of justice' mandates waiver."* *State v. Rockwell,* 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *Id.* (quoting *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App., at Nashville, Dec.27, 2005). In this case, it is Petitioner's burden to establish that a waiver of the notice of appeal is appropriate. Tenn. R. App. P. 4(a); *see also* Tenn. R. App. P. 20(g) ("[s]hould timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision").

As reasons for the nine-month delay, Petitioner states that the trial court failed to provide him a certified copy of the case file so that he could prepare his appellate brief, that he was denied access to the prison law library because he "refus[ed] to be inoculated" against the COVID-19 virus, and that he was unfamiliar with Rule 4(a) "as a layman in the practice of law." While it is true that incarcerated litigants are entitled to some lenity, Rule 4(a) does not however, relieve pro se defendants from the thirty-day filing requirement. *State v. Gailor Paige*, No. W2018-02214-CCA-R3-CD, 2019 WL 7288804, at *1 (Tenn. Crim. App., at Jackson, Dec. 30, 2019) (pro se litigants expected to comply with substantive and procedural rules that govern conduct of all litigants).

Petitioner's reasons for the delay do not clarify to the court why it took nine months *to file an appeal*. By his own admission, the failure to receive his case file and the denial of access to the prison library hampered his ability to prepare and file his briefs. *Cf. Crittenden v. State,* 978 S.W.2d 929, 932 (Tenn. 1998) (untimely appeal waived in the interest of justice where appellant initially waived appeal, changed his mind during the period he lacked counsel, attempted to perfect appeal before limitations period expired by seeking assistance of counsel, and managed to file a pro se appeal eleven days after the limitations period had expired). Indeed, this court is aware that Petitioner relied on the same reasons to request the acceptance of his late-filed initial brief and his late-filed reply brief. The length of the delay and the reasons for the delay weigh against waiver in this case.

As for the issues for review, Petitioner challenges the consecutive alignment of his two-year sentence for violating community supervision and his ten-year sentence for arson. Petitioner insists that his two-year sentence expired before he pled guilty to the ten-year sentence for arson. Petitioner is not entitled to relief under Rule 36.1 because he is alleging an appealable error, not a fatal one. *State v. Wooden,* 478 S.W.585, 595 (Tenn. 2015);

- 3 -

*State v. Eric Bernard Howard,* No. M2019-01900-CCA-R3-CO, 2020 WL 3408794, at *1 (Tenn. Crim. App., at Nashville, June 22, 2020).

Furthermore, Petitioner concedes that his claim for pretrial jail credit is not a colorable claim under Rule 36.1. Indeed, our supreme court has held that a trial court's failure to award pretrial jail credits does not render a sentence illegal, and, therefore, does not warrant Rule 36.1 relief. *State v. Brown*, 479 S.W.3d 200, 212-13 (Tenn. 2015). In any event, the judgments of conviction in this case reflect that the trial court awarded Petitioner pretrial jail credits. Therefore, if the Appellant thinks that his sentences have been calculated incorrectly or disagrees with the determination of his release eligibility date by the Department of Correction, the proper avenue for review is through the Uniform Administrative Procedures Act, not a Rule 36.1 motion. *See* T.C.A. §§ 4-5-101 to -325.

Petitioner failed to state a colorable claim that his sentence is illegal. Thus, we conclude that the interest of justice does not mandate waiver of the timely notice of appeal in this case. Consequently, we dismiss the appeal as untimely. Petitioner is not entitled to relief.

## CONCLUSION

Based upon the foregoing, the petitioner's appeal is dismissed as untimely.

_____
JILL BARTEE AYERS, JUDGE