FILED
04/29/2022
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 5, 2022

## BILLY JAMES MATTHEWS v. STATE OF TENNESSEE

Appeal from the Circuit Court for Madison County
No. C-18-233        Kyle C. Atkins, Judge

————————————————————

No. W2021-00898-CCA-R3-PC

————————————————————

As the result of a guilty plea to rape and robbery entered over 18 years ago, Billy James Matthews, Petitioner, was sentenced to an effective sentence of ten years. *See Billy James Matthews v. State*, No. W2005-02939-CCA-R3-PC, 2006 WL 2843291 (Tenn. Crim. App. Oct. 5, 2006), *perm. app. denied* (Tenn. Jan. 22, 2007). After the denial of habeas corpus relief, *see Billy James Matthews v. Warden Glenn Turner*, No. W2004-01547-CCA-R3-HC, 2005 WL 957112, at *1 (Tenn. Crim. App. Apr. 26, 2005), and post-conviction relief, *Billy James Matthews v. State*, 2006 WL 2843291, at *1, Petitioner sought relief via the Post-Conviction DNA Analysis Act of 2001. The post-conviction court dismissed the petition without a hearing. Petitioner filed an untimely notice of appeal. Because the interests of justice do not mandate waiver of the timely filing of the notice of appeal, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Billy James Matthews, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In September of 2002, Petitioner was indicted in Madison County for aggravated rape and aggravated robbery as a result of incidents that took place in January of 1996. *Billy James Matthews v. State*, 2006 WL 2843291, at *1. Eventually, in 2004, Petitioner

pled guilty to the lesser included offenses of rape and robbery, and received an effective sentence of ten years. *Id.*

In January of 2004, Petitioner sought habeas relief on the basis that the trial court lacked subject matter jurisdiction over the rape offense because the prosecution commenced outside the statute of limitations, and that his trial counsel was ineffective for failing to investigate DNA and/or raise a jurisdictional defense. *Billy James Matthews v. Warden Glenn Turner*, 2005 WL 957112, at *1. The habeas petition was summarily dismissed in June of 2004 and this Court affirmed the dismissal, concluding that Petitioner failed to raise issues that would render the judgments void. *Id.* at *2.

In January of 2005, Petitioner filed a pro se petition for post-conviction relief while review of the dismissal of the petition for habeas relief was still pending in this Court. *Billy James Matthews v. State*, 2006 WL 2843291, at *1-2. The post-conviction court dismissed the petition. Following this Court's affirmance of the dismissal of the habeas petition, Petitioner filed a second petition for post-conviction relief. Counsel was appointed and the post-conviction court held an evidentiary hearing. *Id.* The post-conviction court dismissed the petition as time-barred, and Petitioner filed a timely notice of appeal. This Court affirmed the dismissal of the petition. *Id.* at *4.

On June 11, 2021, Petitioner filed the petition for post-conviction relief at issue in this appeal under the Post-Conviction DNA Analysis Act of 2001. Petitioner asked for DNA evidence from his 2002 case to be retested because "the DNA sample that was taken from the victim and tested in 2002 would have and did exclude [P]etitioner because the conclusions were 'No Match.'" Petitioner asked for the State to "perform a 'search' therefore for the (TBI) State DNA Match results and its 13 items of DNA evidence failed to be disclosed to Petitioner during pretrial . . . ."

The State responded to the petition, asserting that Petitioner was identified based on DNA evidence prior to trial and his trial attorney applied for funds to have the sample independently tested and this evidence also indicated Petitioner was the offender. The record includes the "Official Serology/DNA Report" for analysis of a "[b]lood standard from [Petitioner]" and indicates that the probability of an unrelated individual having the same DNA profile "exceeds the current world population." According to the report, "a match was confirmed" between Petitioner's profile and the DNA collected from the victim.

In the order dismissing the petition for post-conviction relief, the court noted that in the original case, this Court found that Petitioner was identified based on a DNA sample and that both the State's expert and defense expert agreed that Petitioner was the offender. The petition for post-conviction relief was dismissed without a hearing on June 22, 2021.

Petitioner filed a notice of appeal on August 9, 2021. In the notice of appeal, Petitioner alleged that it was mailed from the prison on August 4, 2021.

*Analysis*

The post-conviction petition filed by Petitioner on the basis of the Post-Conviction DNA Analysis Act of 2001 was dismissed by the post-conviction court on June 22, 2021. The notice of appeal "required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). While the notice of appeal document is not jurisdictional in criminal cases, and the filing of the notice of appeal "may be waived in the interest of justice," waiver is not mandatory. *Id.* A petitioner bears the responsibility to properly perfect his appeal or to demonstrate that the "interests of justice" merit waiver of an untimely filed notice of appeal. *State v. Carl T. Jones*, M2011-00878-CCA-R3-CD, 2011 WL 5573579, at *1 (Tenn. Crim. App. Nov. 15, 2011) (citing Tenn. R. App. P. 4(a)), *perm. app. denied* (Tenn. Apr. 11, 2012).

An appellate court may waive the notice of appeal on its own motion when it is in the interest of justice. *Crittenden v. State*, 978 S.W.2d 929, 932 (Tenn. 1998). Such a waiver, however, "is not automatic." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). In determining whether waiver of the notice requirement is in the interest of justice, this Court may look to the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors. *Id.*

In this case, the post-conviction court entered its judgment on June 22, 2021. Petitioner did not file his notice of appeal until August 9, 2021. Thus, Petitioner's notice of appeal was filed more than 30 days after the entry of the judgment of the post-conviction court. Petitioner's notice of appeal was untimely, and he has not requested a waiver nor has he offered any explanation as to why this Court should excuse the timely filing. "If this [C]ourt were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Rockwell*, 280 S.W.3d at 214. Accordingly, we conclude that "the interest of justice" does not warrant waiver of the notice requirement, and we dismiss the appeal as untimely.

*Conclusion*

For the foregoing reasons, the appeal is dismissed.

_____
TIMOTHY L. EASTER, JUDGE

- 3 -