IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 13, 2021 Session

## STATE OF TENNESSEE v. VINCENT RODOLPHUS HELSER

**Appeal from the Criminal Court for DeKalb County**
**No. 2018-CR-129    Gary McKenzie, Judge**

_____

### No. M2020-00557-CCA-R3-CD

_____

The Defendant-Appellant, Vincent Rodolphus Helser, pleaded guilty to one count of violation of the sexual offender registry in case number 2018-CR-129 and one count of sale of methamphetamine over 0.5 grams in case number 2018-CR-205.  The Defendant received a two-year probationary sentence in case number 2018-CR-129 and an effective nine-year sentence, to be served on supervised probation after 180 days in confinement, in case number 2018-CR-205.  On appeal, the Defendant asserts that the trial court erred in revoking his probation and ordering the remainder of his sentence to be served in confinement.  Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Craig Fickling, District Public Defender, and Allison R. West, Assistant Public Defender, for the Defendant-Appellant, Vincent Rodolphus Helser.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and J. Greg Strong, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On June 19, 2018, the Defendant pleaded guilty to one count of violating the Sex Offender Registry in case number 2018-CR-129.  The Defendant received a two-year probationary sentence.  On April 1, 2019, the Defendant pleaded guilty to one count of sale of methamphetamine over 0.5 grams in case number 2018-CR-205.  The Defendant received a nine-year sentence, to be served under supervised probation after serving 180 days in the Dekalb County Jail.

**Case Number 2018-CR-129.** On June 11, 2019, the Tennessee Department of Correction issued a probation violation report alleging that the Defendant had violated the conditions of his probation and the Sex Offender Registry by befriending two individuals with minor children and by "fail[ing] to timely register or report" around May 14, 2019. A violation of probation warrant was executed on June 14, 2019. On February 20, 2020, a second probation violation report was filed. The report alleged that the Defendant had been released from Dekalb County Jail on January 9, 2020, and failed to report to his probation officer within forty-eight hours, violating his probation conditions. A violation of probation warrant was executed on February 20, 2020.

**Case Number 2018-CR-205.** On May 21, 2019, the Defendant's probation officer submitted an affidavit alleging that the Defendant had violated his probation conditions by befriending two individuals with minor children and by "fail[ing] to timely register or report" around May 14, 2019[,] as was also submitted in the case above. On May 24, 2019, a violation of probation warrant was executed. The Defendant served 90 days for this violation. Another affidavit was submitted February 11, 2020, again alleging that the Defendant had been released from Dekalb County Jail on January 9, 2020, and failed to report to his probation officer within forty-eight hours, violating his probation conditions. A second violation of probation warrant was executed on February 13, 2020. The February 13 warrant stemmed from the February 11 affidavit, and the Defendant pleaded guilty to an amended charge of attempt to violate the Sex Offender Registry.

The trial court held a probation revocation hearing for both cases on March 3, 2020. At the hearing, Officer Robert Mark Calabrese, Jr., testified that he was employed by the Tennessee Department of Correction and supervised registered sex offenders. Officer Calabrese testified that the Defendant had been on probation for "possession [with intent to sell] of Scheduled II" and a "violation of the [S]ex [O]ffender [R]egistry." He affirmed that the Defendant came under his supervision when "he was released from Dekalb County Jail on the 9th of January and failed to report." Officer Calabrese affirmed that the Defendant had pleaded guilty to an "amended charge" of "attempting to violate the [Sex Offender] Registry" on February 13, 2020, and a certified copy of that judgment was entered as an exhibit. He explained that the Defendant never reported to him, and the Sex Offender Violation charge was "not for not reporting; it was living in an unapproved residence[.]"

On cross-examination, Officer Calabrese affirmed that the Defendant had one previous probation violation. He explained that the Defendant had to "serve 90 days" following his May 2019 probation violation stemming from his violation of the Sex Offender Registry. Officer Calabrese agreed that the Defendant had "only been out for 19 days" between his release from the Dekalb County Jail and his arrest for living in an

unapproved residence on January 28, 2020. He also agreed that the Defendant did not have "any violations on this case for failed drug screens or anything like that" but denied the Defendant's having a "need . . . for any kind of transitional housing, or somewhere to kind of help him transition himself back into the community[.]"

The Defendant elected not to testify on his own behalf. Following the close of all proof, the trial court found that the Defendant had violated his probation "by a preponderance of the evidence[.]" The trial court cited the "certified copy of a new conviction" and the "unimpeached testimony about his failure to report in that 48 hours[] he's advised to report" as evidence that the Defendant had violated his probation. The trial court ordered the Defendant to serve the remainder of his sentence in confinement, noting that it didn't "believe there's any other option" and could not "keep releasing somebody when they're committing new crimes, and it's [their] second bite of the apple[.]"

The Defendant filed a motion for early release from confinement on March 24, 2020, which the trial court denied on May 19, 2020.

## ANALYSIS

On appeal, the Defendant asserts that the trial court abused its discretion in revoking his sentence because "there was not substantial evidence presented at the probation revocation hearing." The Defendant further contends that the trial court "acted too harshly when it required [him] to serve his entire sentence[.]" The State responds that the Defendant's appeal is untimely and that substantial evidence was presented to support a finding that the Defendant had violated his probation. We agree with the State.

We must initially address the State's contention that the Defendant failed to file a timely notice of appeal. The record shows that although the Defendant's judgment was entered on March 4, 2020, he did not file his notice of appeal until April 6, 2020.

Tennessee Rule of Appellate Procedure 4(a) states that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." However, this rule also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). This court, in deciding whether to grant a waiver regarding an untimely notice of appeal, "shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." Michelle Pierre Hill v. State, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). "Waiver is not automatic and should only occur when 'the interest of justice'

mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (citing Michelle Pierre Hill, 1996 WL 63950, at *1).

The Defendant filed a notice of appeal on April 6, 2020, thirty-three days after the trial court entered its judgment. As noted by the State, the Defendant has failed to provide an explanation for his untimely filing. However, given that the notice of appeal was untimely by only three days, we conclude that the "interest of justice" is best served by granting a waiver in this case. See Tenn. R. App. P. 4(a); see also Crittenden v. State, 978 S.W.2d 929, 932 (Tenn. 1998).

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence" and either "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310" or "[r]esentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by Chapter 36 of this title[.]" Tenn. Code Ann. § 40-35-311(e)(1)(A), (B). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id. (citing Harkins, 811 S.W.2d at 82). Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 646-47 (Tenn. 1999) (citations omitted); State v. Larry Lee Robertson, No. M2012-02128-CCA-R3CD, 2013 WL 1136588, at *2 (Tenn. Crim. App. Mar, 19, 2013); State v. Christopher Burress, No. E2012-00861-CCA-R3-CD, 2013 WL 1097809, at *6 (Tenn. Crim. App. Mar. 18, 2013); Tenn. Code Ann. §§ 40-35-308, -310, -311. The trial court determines the credibility of the witnesses in a probation revocation hearing. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991) (citing Carver v. State, 570 S.W.2d 872 (Tenn. Crim. App. 1978)).

Our review of the record reflects that the trial court did not abuse its discretion in revoking the Defendant's probation and ordering his sentence into effect. Although the precise grounds upon which the Defendant pleaded guilty were not included in the probation violation affidavit, Officer Calabrese also testified that the Defendant never reported to him following his release from jail. This is sufficient to support the trial court's

determination that the Defendant had violated his probation by a preponderance of the evidence. Accordingly, the Defendant is not entitled to relief.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgment of the trial court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE