IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 23, 2022

**PATRICK LAMAR MOORE v. MIKE PARRIS, WARDEN**

**Appeal from the Criminal Court for Morgan County**
**No. 2021-CR-64     Jeffery Hill Wicks, Judge**

———————————————————

**No. E2021-01310-CCA-R3-HC**

———————————————————

The pro se Petitioner, Patrick Lamar Moore, appeals the summary denial of his petition for writ of habeas corpus. Discerning no error, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Patrick Lamar Moore, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Senior Assistant Attorney General; Russell Johnson, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On October 30, 2017, the Madison County Grand Jury returned a two-count indictment charging the Petitioner with one count of kidnapping and one count of aggravated assault. On November 27, 2017, the grand jury returned a second indictment, "elevating the kidnapping charge to aggravated kidnapping." Patrick L. Moore v. Russell Washburn, Warden, No. M2020-00471-CCA-R3-HC, 2021 WL 2181657, at *1 (Tenn. Crim. App. May 28, 2021). The first indictment was dismissed following the State's request of an order of nolle prosequi. Id. The Petitioner pled guilty to one count of aggravated assault and one count of aggravated kidnapping and was sentenced to a total effective sentence of eight years. Id. The Petitioner subsequently filed two petitions for writ of habeas corpus, one asserting that the State violated his rights against double jeopardy by filing a superseding indictment and one asserting that the State had not followed proper procedures in filing the superseding indictment. Id. The two petitions

were dismissed and consolidated for appellate review. Id. This court affirmed the dismissal of the petitions. Id. at *1-2.

On July 28, 2021, the Petitioner filed another pro se petition for writ of habeas corpus, alleging that the superseding indictment "failed to set forth all the essential elements of the offense charged, which failed to give the Petitioner knowledge of the nature and cause of the accusation against him[.]" The State filed a motion to dismiss the petition on August 31, 2021, arguing that the Petitioner failed to attach a copy of the judgment and indictment at issue and failed to state a colorable claim for relief. The Petitioner filed an amended pro se petition for writ of habeas corpus on September 3, 2021. The habeas corpus court summarily denied the petition by written order on September 15, 2021, finding that "no essential element was missing from the superseding indictment charging the [P]etitioner with aggravated kidnapping" because Tennessee Code Annotated section 39-13-304(a)(3) required the indictment to list either "intent to terrorize" or intent "to inflict serious bodily injury on [the victim,]" but not both. The Petitioner gave a notice of appeal to prison authorities to mail on November 2, 2021, which was filed on November 5, 2021.

**ANALYSIS**

On appeal, the Petitioner again asserts that because his superseding indictment "tracked only a portion of the statute which omitted an essential element/ingredient of the offense[,]" he was "convicted on a void charging instrument" and should therefore have his convictions dismissed. The State responds that the Petitioner has not shown that his indictment rendered his judgment void and is therefore unentitled to habeas corpus relief. We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see Tenn. Code Ann. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). "[T]he purpose of

a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (Tenn. 1968)). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

Initially, we must address the untimeliness of the Petitioner's notice of appeal. Tennessee Rule of Appellate Procedure 4(a) states that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . . ." However, this rule also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). This court, in deciding whether to grant a waiver regarding an untimely notice of appeal, "shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case." Michelle Pierre Hill v. State, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (citing Michelle Pierre Hill, 1996 WL 63950, at *1).

The Petitioner mailed a notice of appeal on November 2, 2021, forty-eight days after the habeas corpus court summarily denied his petition by written order.[1] The Petitioner

---

[1] Tennessee Rule of Appellate Procedure 20(g) provides, "If papers required or permitted to be filed pursuant to the rules of appellate procedure are prepared by or on behalf of a pro se litigant incarcerated in

- 3 -

has failed to provide an explanation for his untimely filing. However, we conclude that the "interest of justice" is best served by granting a waiver in this case. See Tenn. R. App. P. 4(a); see also Crittenden v. State, 978 S.W.2d 929, 932 (Tenn. 1998).

Relevant to the instant appeal, the Petitioner was indicted for, and pleaded guilty to, aggravated kidnapping. Aggravated kidnapping is defined as "false imprisonment, as defined in § 39-13-302," committed "[w]ith the intent to inflict serious bodily injury on or to terrorize the victim or another[.]" Tenn. Code Ann. § 39-13-304(a)(3) (emphasis added). The Petitioner's indictment alleged that he falsely imprisoned the victim "with the intent to terrorize" her, "in violation of T.C.A. § 39-13-304[.]" He asserts that because his indictment stated only "with the intent to terrorize" instead of "with the intent to inflict serious bodily injury on or to terrorize the victim[,]" his judgment is void. However, as noted by the State, Tennessee Code Annotated section 39-13-304(a)(3) is written in the disjunctive, meaning that false imprisonment is committed with either the intent to inflict serious bodily injury or the intent to terrorize the victim. See John N. Moffitt v. Grady Perry, Warden, No. W2015-01763-CCA-R3-HC, 2016 WL 1169140, at *2 (Tenn. Crim. App. Mar. 24, 2016) (concluding that habeas corpus court did not err in denying relief where petitioner asserted his indictment was defective because it did not state both disjunctive elements in aggravated assault statute); see also State v. Charles Edward Wagner, No. E2012-01144-CCA-R3-CD, 2014 WL 60971, at *16 (Tenn. Crim. App. Jan. 8, 2014), perm. app. denied (Tenn. Sept. 18, 2014) (noting that the State was required to prove only the disjunctive element for which the defendant was indicted in especially aggravated kidnapping charge). The Petitioner's indictment was required to recite either the intent to terrorize or to cause serious bodily injury, not both. Accordingly, the Petitioner has failed to establish that he is entitled to habeas corpus relief or that the habeas corpus court improperly dismissed his petition.

## CONCLUSION

Based on the foregoing reasoning and authorities, the judgment of the habeas corpus court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE

---

a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing."